UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDRE J. TWITTY,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　Plaintiff,　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　: PRISONER
V.　　　　　　　　　　　　　　　　　　: Case No. 3:04-CV-410(RNC)
　　　　　　　　　　　　　　　　　　　:
JOHN ASHCROFT, et al.,　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　Defendants.　　　　　　　　　　:

RULING AND ORDER

Plaintiff, a federal inmate proceeding pro se, alleges that he was transferred from the federal penitentiary in Marion, Illinois to a state supermax prison in Connecticut pursuant to a conspiracy to retaliate against him for filing lawsuits and grievances. His amended complaint names a number of federal and state defendants. The case is before the Court on a motion to dismiss or transfer filed by defendants Ashcroft, Lappin, Herschberger and Rau ("the federal defendants"). For the reasons summarized below, the motion to dismiss is denied and the claims against the federal defendants are severed and transferred to the Southern District of Illinois.

Retaliatory Transfer Claim

The federal defendants move to dismiss plaintiff's retaliatory transfer claim based on (1) lack of personal jurisdiction, (2) improper service, (3) improper venue and (4) failure to exhaust remedies provided by the Bureau of Prisons' Administrative Remedy Program. See 28 C.F.R. §§ 542.10, et seq.

The first three grounds were omitted from a Rule 12(b)(6) motion previously filed by the same defendants and are therefore deemed waived. See Fed. R. Civ. P. 12(h)(1). The fourth ground does not warrant dismissal at this time because the defendants have not sustained their burden of showing that the BOP program continued to apply to the plaintiff following his transfer to state custody.[1]

The defendants contend that the amended complaint does not adequately allege the deprivation of a clearly established constitutional right. To survive a motion to dismiss, a First Amendment retaliation claim must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003). The amended complaint adequately alleges each of these elements.[2]

---

[1] 28 C.F.R. § 542.10(b) provides:

This Program applies to all inmates in institutions operated by the Bureau of Prisons . . . and to former inmates for issues that arose during their confinement. This Program does not apply to inmates confined in other non-federal facilities.

[2] Defendants contend that they had legitimate reasons for transferring the plaintiff and were unaware of his litigation activities but these arguments are properly made in support of a motion for summary judgment.

Defendants Ashcroft, Lappin, and Herschberger contend that they are entitled to dismissal because the amended complaint does not adequately allege that they were personally involved in the challenged conduct. Plaintiff's allegations are sufficient to satisfy Rule 8(a)'s liberal pleading requirement, and the Court of Appeals recently ruled that a heightened pleading standard may not be imposed in this context. See Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir. 2007). Under Iqbal, an official faced with a conclusory allegation of personal involvement in a constitutional violation is encouraged to file a motion for a more definite statement under Rule 12(e). If the claim against the official survives a motion to dismiss, the district court is expected to permit some discovery on the issue of personal involvement without sacrificing the substance of the official's qualified immunity defense. Consistent with Iqbal, the federal defendants' motion to dismiss the retaliatory transfer claim is denied.

Conspiracy Claim

The federal defendants' motion to dismiss does not address the legal sufficiency of the conspiracy claim, apparently because they think no such claim is presented. But the pro so plaintiff's amended complaint alleges that the federal defendants conspired to transfer him, an African-American prisoner, in retaliation for his filing of lawsuits and grievances. More is not required for the plaintiff to plead the elements of a

conspiracy claim under 42 U.S.C. § 1985(3). See Iqbal, 490 F.3d at 176.

At an earlier stage of this litigation, in response to a motion for default judgment filed by the plaintiff, the federal defendants argued that the plaintiff could not obtain a judgment against them on a conspiracy claim because (1) 42 U.S.C. § 1985(3) does not apply to federal officials, and (2) plaintiff had failed to plead a conspiracy claim with the requisite particularity. In light of the Second Circuit's recent decision in Iqbal, these arguments can no longer be relied on to justify dismissing the conspiracy claim. See 490 F.3d at 176-77 (allegations in support of conspiracy claim against federal officials under § 1985(3) sufficient to withstand motion to dismiss).

Motion to Transfer

The federal defendants have requested that the claims against them be transferred to the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a). A district court has discretion to sever claims against one or more defendants and transfer the claims to another district when doing so will advance the administration of justice. Wyndham Assocs. v. Bintliff, 398 F.2d 614, 618 (2d Cir. 1968); see also Tafari v. Annets, No. 06 Civ. 11360, 2007 WL 2994367, at *11 (S.D.N.Y. Oct. 15, 2007) (collecting cases). After weighing the relevant factors, I agree

that the requested transfer is in the interest of justice and will serve the convenience of the parties and witnesses. The claims against the federal defendants are unrelated to the only claim that remains in the case against a Connecticut defendant.[3] The retaliatory transfer claim arose in the Southern District of Illinois; any evidence relevant to the conspiracy claim is likely to be there; defendant Rau resides there; and at least some of the witnesses are likely to reside there as well.

Accordingly, the motion to dismiss is denied and the motion to transfer is granted. Plaintiff's retaliatory transfer and conspiracy claims against the federal defendants are hereby severed and transferred to the Southern District of Illinois.

So ordered this 2nd day of February 2008.

/s/
Robert N. Chatigny
United States District Judge

---

[3] The state defendants recently obtained summary judgment on all the claims against them with the exception of an excessive force claim arising from events that occurred in Connecticut after the plaintiff was transferred from Illinois. See Ruling and Order, Twitty v. Aschroft, No. 3:04-CV-410(RNC)(D. Conn. Jan. 31, 2008). Summary judgment in favor of the state defendants was granted on the conspiracy claim because plaintiff failed to present evidence to support a reasonable inference that the state defendants knew of the federal defendants' alleged plan to retaliate against him for petitioning for redress. See id., at 4-5.