# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE J. TWITTY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL NO. 08-cv-119-DRH |
| JOHN ASHCROFT, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

In March 2004, Plaintiff Andre Twitty originally filed this action in the District Court for the District of Connecticut. After more than three years of litigation, that court determined that the claims against the federal defendants should be transferred to this District, as those events occurred at the United States Penitentiary in Marion, Illinois (Doc. 60). Now before the Court is Defendants' motion to dismiss or for summary judgment and for reconsideration of *in forma pauperis* status (Doc. 71).

## *IN FORMA PAUPERIS* STATUS

In his initial complaint, Plaintiff complained about lack of medical care and continued threats of assault at the Northern Correctional Institution in Somers, Connecticut (*see* Doc. 1). Almost a year later, he amended his complaint to include claims that he was transferred to the Connecticut Department of Corrections in retaliation for his filing of grievances and lawsuits (*see* Doc. 7). These claims regarding his transfer are the only claims now pending against Defendants Ashcroft, Lappin, Hershberger and Rau.

When he initiated this action, Plaintiff sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. That motion was granted by a simple endorsement (Doc. 5); no separate order was entered to assess the filing fee or to discuss Plaintiff's claim that he was entitled to proceed under the "imminent danger" exception to the three-strikes provision. *See* 28 U.S.C. § 1915(g).

It is beyond question that Plaintiff has accumulated three or more strikes. *See, e.g., Twitty v. Hawk*, Case No. 00-cv-3192-PMD (D.S.C., filed Oct 12, 2000); *Twitty v. Deane*, Case No. 00-cv-1064-TWT (N.D. Ga., filed April 25, 2000); *Twitty v. Lawson*, Case No. 98-cv-3188-TWT (N.D. Ga., filed Nov. 3, 1998). *See also Twitty v. Wright*, Case No. 02-cv-1838-TWT (N.D. Ga., filed July 1, 2002) (order at Doc. 33 listing multiple strikes). The only issue to be resolved, therefore, is whether Plaintiff was in imminent danger of serious physical harm, and at what point in time that determination should be made.

The Seventh Circuit has made clear that "the imminent danger exception to § 1915(g)'s three strikes rule is available for genuine emergencies, where time is pressing and a threat ... is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (internal quotes omitted). Thus, the relevant inquiry is whether Plaintiff was in imminent danger at the time he filed his pleading, from the events alleged in that pleading. At the time Plaintiff filed his amended complaint in February 2005, it could hardly be argued that he was in imminent danger from an allegedly retaliatory transfer that occurred in January 2004. Furthermore, his claims regarding a retaliatory transfer have no relationship to his Eighth Amendment claims regarding medical care and threat of assault. Under the rule recently announced by the Seventh Circuit, these claims should and would be severed into a separate action. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

The Court agrees with Defendants – Plaintiff is barred from proceeding *in forma pauperis* in this matter. Accordingly, Defendants' motion to revoke pauper status is **GRANTED**. Plaintiff's

pauper status is **REVOKED**, and he shall pay the full filing fee of $150[1] for this action within ten (10) days.

**RESTRICTED FILER**

Finally, the Court notes that within the Seventh Circuit, Plaintiff is a restricted filer. As stated by the Circuit in 2006,

> Until the appellant has paid in full all outstanding fees and any sanctions in all civil actions he has filed, the clerks of all federal courts in this circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of the appellant Andre J. Twitty.

*Twitty v. United States*, Appeal No. 06-1967 (7th Cir., order entered July 6, 2006).

Therefore, every document Plaintiff has filed since the case arrived here in February 2008 should not have been filed (*see* Docs. 65, 66, 69, 76, 77, 78, 79, 80, 82, 85, 86). In fact, until this restriction is lifted, Plaintiff is effectively precluded from litigating this matter.

Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are now **MOOT**. Any further pleadings filed by Twitty in this action shall be **RETURNED** to him **UNFILED**.

**IT IS SO ORDERED.**

**DATED: July 18, 2008.**

/s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] At the time he filed this action, in March 2004, the filing fee for civil actions was $150.