**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**ANDRE J. TWITTY,**

**Plaintiff,**

**v.**

**JOHN ASHCROFT, et. al.,**                                    **No.08-119-DRH**

**Defendant.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Before the Court is Plaintiff's Rule 59(e) Motion to Alter or Amend the Court July 18, 2008 Order (Doc. 89). On July 18, 2008, the Court issued an Order granting Defendants' motion to revoke *in forma pauperis* status. The Court further dismissed the action with prejudice because within the Seventh Circuit, Plaintiff is a restricted filer and until such restriction is lifted, Plaintiff is precluded from litigating the a matter. On August 18, 2008, the Plaintiff filed this motion to alter or amend the July 18, 2008 order. The Court, having considered the arguments set out in the motion, **DENIES** Plaintiff's motion to alter or amend the Order (Doc. 89).

### II. Analysis

**A. Request for New Judge**

The Court first notes that Plaintiff has requested this case be assigned to a new judge. However, Plaintiff has failed to provide any basis for such a transfer. Therefore, the Court **DENIES** Plaintiff's request for a new judge.

**B.      Motion to Alter/Amend July 18, 2008 Order**

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure.  The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *See, e.g., **Mares v. Busby**, 34 F.3d 533, 535 (7th Cir. 1994); **United States v. Deutsch**, 981 F.2d 299, 300 (7th Cir. 1992).*  Under these rulings, the date the motion was filed determined under what rule it would be analyzed.  **See Deutsch, 981 F.2d at 300.**  If the motion was served within 10 days of rendition of the judgment/order, the motion fell under Rule 59(e); if it was served after that time, it fell under Rule 60(b).  *Id.*  **(citations omitted).**  Most recently, however, the Seventh Circuit has clarified the although motions filed after 10 days of the rendition of the judgment are still analyzed under Rule 60(b), motions filed within 10 days of the rendition of the judgment can be analyzed under either rule depending upon the substance of the motion.

> [W]hether a motion filed within ten days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach – that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions – no longer applies.  In short, motions are to be analyzed according to their terms.  When the substance and label of a post-judgment motion filed within 10 days of judgment are not in accord, district courts should evaluate it based on the reasons expressed by the movant.  Neither the timing of the motion, nor its label . . ., is dispositive with respect to the appropriate characterization of the motion.

***Obriecht v. Raemisch***, **517 F.3d 489, 493 (7th Cir. 2008) (citations omitted).**

Here, the Court filed its Order on July 18, 2008 (Doc. 87). While Plaintiff's motion was filed on August, 18, 2008, the date on the motion states that Plaintiff mailed in his motion to amend under Rule 59(e) on July 23, 2008, within ten days of the Order. Therefore, the Court will look to the substance of the motion to determine whether the motion should be construed under Rule 59(e) or Rule 60(b). ***Obriecht*, 517 F.3d at 493.** Plaintiff claims that the Court's conclusion was erroneous and that it was contrary to the law. The analysis of this motion thus falls under 59(e).

FEDERAL RULE OF CIVIL PROCEDURE 59(e) motions serve a narrow purpose and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. ***Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." ***Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**. The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. ***Moro*, 91 F.3d at 876 (citation omitted); *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994), *cert. denied*, 514 U.S. 1023 (1995)**.

Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." **Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.), 125 B.R. 963, 977 (N.D.Ill. 1990) (citations omitted)**. Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants. **BNT Terminals, 125 B.R. at 977.** The decision to grant or deny a Rule 59(e) motion is within the Court's discretion. **See Prickett v. Prince, 207 F.3d 402, 407 (7ᵗʰ Cri. 2000); LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7ᵗʰ Cir. 1995)**.

The Court finds that Plaintiff neither presented newly discovered evidence nor identified a manifest error of law or fact. Plaintiff argues that the Court's Order was a "pre-determined erroneous conclusion" and contrary to the law. However, Plaintiff fails to cite relevant case law supporting his argument. Further, Plaintiff's allegations are inaccurate. As the Order correctly points out "Plaintiff has accumulated three or more strikes" and thus is prohibited from bringing a civil action *in forma pauperis* unless Plaintiff is under imminent danger of serious physical injury. (Doc. 87) **(citing Twitty v. Hawk, Case No. 00-cv-3192-PMD (D.S.C., filed Oct. 12, 2000); Twitty v. Deane, Case No. 00-cv-1064-TWT (N.D. Ga., filed April 25, 2000); Twitty v. Lawson, Case No. 98-cv-3188-TWT (N.D. Ga., filed Nov. 3, 1998); Twitty v. Wright, Case No. 02-cv-1838-TWT (N.D. Ga., filed July 1,**

2002) **(order at Doc. 33 listing multiple strikes)); See also** ***Heimermann v.***

***Litscher*****, 337 F.3d 781, 781 (7th Cir. 2003).** Also, Plaintiff is not in "imminent

danger" from an alleged retaliatory transfer that occurred in January 2004. **See 28**

**U.S.C. § 1915(g);** ***Heimermann*****, 337 F.3d at 782.** While Plaintiff points to the fact

that the Order states the claim was filed in 2005 and, as Plaintiff alleges, the claim

was filed in 2004 as an argument that the Court came to an erroneous conclusion,

the Court notes that Plaintiff filed an "amended" complaint in 2005 which the Court

referred to in the July 18, 2008 Order. Further, Plaintiff's argument about filing

dates is inapposite. Finally, as the Court noted in the July 18, 2008 Order, the

Seventh Circuit has labeled Plaintiff a restricted filer, finding that Plaintiff is not

allowed to file anything until he pays past court debts. **See** ***Twitty v. United***

***States*****, Appeal No. 06-1967 (7th Cir., order entered July 6, 2006).** Thus, the

Court rejects Plaintiff's motion to alter or amend the July 18, 2008 Order.

### III. <u>Conclusion</u>

Accordingly, the Court **DENIES** Plaintiff's motion to alter or amend the July

18, 2008 order pursuant to Rule 59(e) (Doc. 89). Further, the Court **DENIES**

Plaintiff's request for a new judge.

**IT IS SO ORDERED.**

Signed this 3rd day of February, 2009.

/s/          *David R Herndon*

**Chief Judge**

**United States District Court**